# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKY L. CLINE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-06-243-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)

The Plaintiff Ricky L. Cline appealed the decision of the Commissioner of the Social Security Administration denying him disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. At the Commissioner's request, the Court reversed and remanded for further proceedings, which resulted in a disability determination and an award of $62,117.00 to the Plaintiff in past-due benefits. The Plaintiff now seeks an award of costs and attorney's fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that Cline's Attorney's Application for Attorney's Fees Under 42 U.S.C. § 406(b) [Docket No. 29] should be granted, and that the Plaintiff's counsel should be awarded $10,229.25 in costs and attorney's fees.

It should be noted at the outset that the Court has not been provided with a copy of the Plaintiff's notice of award. The Plaintiff contends that the Commissioner refused to provide his appellate counsel with a copy of the notice and urges the Court to order this done. The Commissioner argues that the Plaintiff failed to properly request a copy of the notice and

objects to being ordered to provide one herein. The Court is not particularly sympathetic to either side of this dispute; the problem is essentially the Plaintiff's, *i. e.*, he cannot produce a copy of his notice of award despite having received it from the Commissioner through his authorized representative, although the Commissioner may be best situated to resolve it expeditiously, *i. e.*, he provided the Plaintiff's agency representative with the notice of award and could presumably (through counsel) do the same for the Plaintiff's appellate attorney. *See*, *e. g.*, OKED L. Civ. R. 83.8(j) ("If a fellow member of the bar makes a just request for cooperation . . . a lawyer will not arbitrarily or unreasonably withhold consent."). In any event, the Court is fortunately not required to resolve this dispute in order to dispose of the Plaintiff's motion.

A copy of the notice of award would be pertinent to: (i) determining the amount and reasonableness of the contingent fee due the Plaintiff's attorney under 42 U.S.C. § 406(b); and (ii) determining the timeliness of the Plaintiff's motion for attorney's fees under Fed. R. Civ. P. 60(b). Neither is in issue here; the Commissioner does not contend that the Plaintiff failed to move for attorney's fees within a reasonable time, and the amount of the Plaintiff's past-due benefits (and thus his contingent attorney's fee) can be calculated from the available information. The Court therefore concludes that the Plaintiff's motion for attorney's fees is timely. *See McGraw v. Barnhart*, 450 F.3d 493, 504-505 (10th Cir. 2006) ("Section 406(b) itself does not contain a time limit for fee requests. . . . We believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award.") [citations omitted]. *See also* Fed. R. Civ. P. 60(c)(1) ("A

motion under Rule 60(b) must be made within a reasonable time[.]"). The Court also concludes that the amount awarded to the Plaintiff for past-due benefits was $62,117.00.[1]

"Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). The 25% limitation does not include any fee awarded to the Plaintiff's agency representative by the Commissioner under 42 U.S.C. § 406(a). *See Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("The Commissioner and court have the authority to independently determine the appropriate attorney fees. Each has separate standards to make this determination and is only limited as provided by statute. Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner.") [internal citations omitted]. The Plaintiff's fee request of $10,229.25 is less than 25% of past-due benefits, so the Court need only consider whether this is reasonable given the work performed in this case. *See Gisbrecht v.*

---

[1] The Plaintiff calculated his past-due benefits to be $62,397.00 but appears to have made a mathematical error in so doing. The information provided by the Plaintiff (not disputed by the Commissioner) indicates that: (i) the Commissioner withheld 25% of the Plaintiff's past-due benefits for attorney's fees under 42 U.S.C. § 406; (ii) the Plaintiff's agency representative has received $5,300.00 from the Commissioner under 42 U.S.C. § 406(a); and, (iii) the Commissioner still holds $10,229.25 for the Plaintiff's appellate attorney under 42 U.S.C. § 406(b). The Court thus calculates the original past-due benefits award to be $62,117.00 ($5300 + $10,229.25 = $15,529.25/ .25 = $62,117.00).

*Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").

Factors to consider in determining whether a requested fee is reasonable under *Gisbrecht* include the character of the representation and the results achieved, *id.* at 808, *citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) and *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (reducing the fee for substandard work), whether counsel has caused delay, and whether the contingent fee is so large in comparison to the amount of time spent on the case that it results in a windfall to counsel. *Id.*, *citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or when the amount of the fee is unconscionable in light of the work performed). Contemporaneous billing records may be helpful in determining reasonableness. *Id.*, *citing Rodriguez*, 865 F.2d at 741. Based on these factors, the Court concludes that $10,229.25 is a reasonable amount of attorney's fees for the work done in this case.

First, it is clear the Plaintiff was ably represented by his attorney and obtained excellent results in his appeal to this Court. The Plaintiff's attorney prepared a detailed brief which resulted in the Commissioner's requesting remand of the action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Plaintiff was thus the

prevailing party and received $2,300.60 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Second, there is no evidence counsel caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to the Plaintiff's attorney, who spent a total of 16.8 hours working on the Plaintiff's case before this Court. *See* Docket No. 29, Ex. 5. This equates to an hourly rate of $608.88, which would no doubt be a premium hourly rate but is hardly excessive where the fee was contingent and the risk of loss was more than negligible. The Court therefore concludes that the requested fee of $10,229.25 is reasonable within the guidelines set by *Gisbrecht*.

The Commissioner apparently withheld $15,529.25 from the Plaintiff's past-due benefits and awarded $5,300.00 to the Plaintiff's representative for work performed at the agency level. Thus, the Plaintiff's appellate attorney should be able to obtain the entire amount of the $10,229.25 in attorney's fees awarded herein from the Commissioner. If not, the Plaintiff's appellate attorney may have to recover any difference directly from the Plaintiff. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Nevertheless, because the amount awarded herein exceeds the $2,300.60 in EAJA fees previously awarded by the Court, the Plaintiff's attorney must refund the latter amount to the Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

Accordingly, Cline's Attorney's Application for Attorney's Fees Under 42 U.S.C § 406(b) [Docket No. 29] is hereby GRANTED. The Court approves an award of attorney's

fees in the amount of $10,229.25 to the Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1). The Commissioner is hereby directed to pay the Plaintiff's attorney the balance of the past-due benefits in his possession. The Plaintiff's attorney shall thereupon refund to the Plaintiff the full amount previously awarded under the EAJA.

**IT IS SO ORDERED** this 5th day of May, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**